## In re Appeal of Helmuth SCHERER

[705 A.2d 1383]

No. 96-095

---

November 6, 1997. The Division of Vocational Rehabilitation appeals from a decision of the Human Services Board that reversed the Division's determination that petitioner is not eligible for vocational rehabilitation services. The Division argues that the Board erred by applying Vocational Rehabilitation Manual § 107.2 because the regulation has been superseded by federal statute. We agree that the federal statute applies and therefore reverse.

The Rehabilitation Act of 1973, as amended in 1992, establishes the eligibility criteria for vocational rehabilitation services. The Act provides:

(1) An individual is eligible for assistance under this subchapter if the individual —

> (A) is an individual with a disability under section 706(8)(A) of this title; and
> (B) requires vocational rehabilitation services to prepare for, enter, engage in, or retain gainful employment.

29 U.S.C.A. § 722(a)(1) (West Supp. 1997).

An individual with a disability under 29 U.S.C.A. § 706(8)(A) is "any individual who (i) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment and (ii) can benefit in terms of an employment outcome from vocational rehabilitation services." Thus, there are three eligibility requirements: (1) the individual has an impairment that is a barrier to employment; (2) rehabilitation services will improve employability; and (3) the individual requires rehabilitation services to obtain or retain employment.

The Act further provides that an individual who has a disability as determined for purposes of supplemental security income (SSI) benefits satisfies the first eligibility requirement. *Id.* § 722(a)(2)(A). The parties stipulated that petitioner satisfied the first eligibility requirement because petitioner has qualified for SSI benefits. Under the Act, there is a presumption that the second requirement is met, *id.* § 722(a)(4)(A), and the Division did not dispute this. The Division determined that petitioner did not satisfy the third eligibility requirement because he does not "require[] vocational rehabilitation services to prepare for, enter, engage in, or retain gainful employment." Petitioner appealed to the Board.

The Board made no findings of fact because its decision was based solely on petitioner's receipt of SSI benefits. The record indicates that petitioner has loss of vision in his left eye, and he has had surgery for a neck injury that continues to bother him. He has a bachelor of science in biology and completed three or four years of medical school. Petitioner worked as a graphic artist for over thirty years, and also has substantial experience as a paralegal. We are unable to determine from the record whether petitioner continues to work in these professions.

The Board did not apply the federal statutory criteria; rather, it applied § 107.2 of the state Vocational Rehabilitation Services Manual. See 4 Code of Vermont Rules 13164001, at 010. This regulation was promulgated under the Rehabilitation Act as it existed prior to the 1992 amendment; it specifies the following eligibility criteria:

> (1) the presence of a physical or mental disability which, for the individual, constitutes a substantial handicap to employment;
>
> (2) there is reasonable expectation that vocational rehabilitation services may benefit the individual in terms of employability.

*Id.*; cf. 29 U.S.C. § 706(8)(A) (1988) (same eligibility requirements . prior to 1992 amendment). The Board concluded that, as long as petitioner is eligible for SSI based on his disability, he must automatically be found eligible for vocational rehabilitation services. The Division appeals.

The federal vocational rehabilitation program provides grants to states to assist in preparing individuals with disabilities for gainful employment. *Zingher v. Department of Aging & Disabilities*, 163 Vt. 566, 572, 664 A.2d 256, 259 (1995); see 29 U.S.C.A. § 720(a)(2) (West Supp. 1997). State participation is voluntary, but states choosing to participate must comply with federal law. *Zingher*, 163 Vt. at 572, 664 A.2d at 259. Thus, a participating state program must at minimum provide services for all individuals eligible under the federal program.

Nonetheless, states may provide services to individuals with disabilities who do not fall within the federal program, provided these services are state-funded. See, e.g., 29 U.S.C.A. § 721(a)(4) (West Supp. 1997) (allowing local vocational rehabilitation programs that provide services to greater number of individuals than federal program); *Howard v. Department of Social Welfare*, 163 Vt. 109, 118, 655 A.2d 1102, 1107-08 (1994) (state may provide ANFC benefits from state funding to children with disabilities even if federal government does not provide matching funds). The state regulation here, therefore, does not conflict with the federal statute because it would provide services to a greater number of individuals than the federal program.

The Division is authorized to provide only those services listed in 33 V.S.A. § 504, however, which does not provide for state-funded vocational services in addition to the services funded under the Rehabilitation Act. Cf. *In re Agency of Admin., State Bldgs. Div.*, 141 Vt. 68, 75, 444 A.2d 1349, 1352 (1982) (agency must operate within bounds of enabling legislation). Thus, the Division is authorized to provide vocational services to petitioner only if he meets all three federal eligibility criteria. The Board failed to make findings to determine whether the Division erred by finding petitioner does not satisfy the third eligibility criterion; accordingly, we remand for the Board to determine whether petitioner "requires vocational rehabilitation services to prepare for, enter, engage in, or retain gainful employment. 29 U.S.C.A. § 722(a)(1)(B) (West Supp. 1997).

*Reversed and remanded.*